IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TIFFANY BISSELL, §<br>　　*Plaintiff*, §<br>　　　　　　　　　　　　§<br>v. 　　　　　　　　　　　§<br>　　　　　　　　　　　　§<br>ELAINE MATA, in her individual §<br>capacity, DANIELLE CLARIDGE, in her §<br>individual capacity, BRITTANY §<br>HEMINGWAY, in her individual §<br>capacity, FELISHA RODRIGUEZ, in her §<br>individual capacity; and DOES 1-10, §<br>Inclusive. §<br>　　*Defendants*. | Case No. 6:21-CV-00924 |

### DEFENDANTS ELAINE MATA, DANIELLE CLARIDGE, BRITTANY ("HEMINGWAY") HEMENWAY, and FELISHA RODRIGUEZ MOTION TO DISMISS

TO THE HONORABLE JEFFREY C. MANSKE,

NOW COME Defendants Elaine Mata, Danielle Claridge, Brittany [1]Hemenway, and Felisha Rodriguez (respectively, "Defendant Mata," "Defendant Claridge," "Defendant Hemenway," and "Defendant Rodriguez") and file this Brief in Support of their Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

### I.
### INTRODUCTION

Tiffany Bissell ("Plaintiff") filed a complaint naming a number of defendants, including Defendants Mata, Claridge, Hemenway, and Rodriguez, whom she sues *in their individual capacity only*. (Doc. 1, p. 2, ¶ 5, p. 3 ¶ 6-8). Defendants Mata, Claridge, Hemenway, and Rodriguez were all employees of the Texas Department of Family Protective Services (hereinafter

---

[1] Ms. Hemenway is incorrectly identified as "Hemingway" in Plaintiff's complaint.

"DFPS") at the time the actions giving rise to this complaint were alleged to have occurred. (Doc. 1, p. 2, ¶ 5, p. 3 ¶ 6-8). Defendant Mata was the Conservatorship worker assigned to DFPS's case involving Plaintiff's step-daughter, C.D. (Doc. 1, p. 5, ¶ 15). Defendant Claridge was the individual who investigated the report regarding Plaintiff's children J.N. and M.D, which is the subject of the complaint. (Doc. 1, p. 11, ¶ 27). Defendant Hemenway was Defendant Claridge's supervisor, and Defendant Rodriguez was their Program Director.[2] (Doc. 1, p. 23, ¶ 55).

The basis for Plaintiff's lawsuit is her unhappiness with the investigation and testimony of Defendants, which ultimately led to the temporary removal of J.N. and M.D by a state district court. (Doc. 1, p. 17 ¶ 38-39, p. 19 ¶ 44, p. 21 ¶ 51).

In this case, Plaintiff alleges violation of her rights under a variety of Amendments to the U.S. Constitution. (Doc. 1, p. 1, ¶ 1, p. 23-30).

Plaintiff's claims against Defendants Mata, Claridge, Hemenway, and Rodriguez must be dismissed because:

    A.    Plaintiff lacks standing to bring Fourth Amendment claims against Defendants Mata, Claridge, Hemenway;

    B.    Plaintiff's claims are barred by absolute witness immunity; and

    C.    Plaintiff fails to state a claim upon which relief may be granted, including some federal claims which are barred by qualified immunity.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is

---

[2] Plaintiff identifies Defendant Rodriguez as a "regional supervisor."

*Defendants Mata, Claridge, Hemingway, and Rodriguez Motion to Dismiss*             2

analyzed under the same standard as under rule 12(b)(6).  *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).

To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### III.
### ARGUMENT AND AUTHORITIES

**A.      Plaintiff lacks standing to bring Fourth Amendment claims against Defendants.**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue."  *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).  Standing requires plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely . . . be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff lacks standing to bring Fourth Amendment claims for seizure of her children.  The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. CONST. amend. IV.  As a threshold matter, "to the extent Plaintiffs are alleging a Fourth Amendment violation for the seizure of their children, Plaintiffs do not have standing to bring these claims." *Joshua v. Foreman*, No. CV H-18-2283, 2018 WL

10562046, at *6 (S.D. Tex. Nov. 29, 2018), citing *McCullough v. Herron*, Civil Action No. H-17-83, 2018 WL 3384459, at *6 n. 51 (S.D. Tex. June 7, 2018) (Johnson, Mag. J.) ("only the children, who are not named plaintiffs in this action, would have standing to bring claims for seizure of their persons ....").

Therefore, Plaintiff's Fourth Amendment claims against Defendants Mata, Claridge, Hemenway, and Rodriguez should be dismissed for lack of standing.

**B.     Plaintiff's claims against Defendants Mata and Claridge, for testifying at adversarial hearings, are barred by Absolute Immunity**

Witnesses have absolute immunity from liability stemming from their trial testimony. *Stem v. Ahearn*, 908 F.2d 1, 6 (5th Cir. 1990). "[W]itnesses are integral parts of the judicial process and, therefore, enjoy absolute immunity to suits brought under § 1983, even for perjured testimony." *McQueen v. United States*, 264 F.Supp.2d 502 (S.D. Tex. 2003), *aff'd*, 100 F. App'x 964 (2004), citing *Briscoe v. LaHue*, 460 U.S. 325, 342–47 (1983). Plaintiff's specific allegations regarding Defendants Mata and Claridge are that these two Defendants engaged in misconduct which ultimately led a court to grant DFPS temporary managing conservatorship. (Doc. 1).

Defendants Mata and Claridge's testimony as witnesses in the underlying state court adversarial hearing, which ultimately resulted in DFPS being awarded temporary managing conservatorship, is protected by absolute immunity.[3] (Doc. 1, p. 15-16, ¶ 38). Witness testimony cannot be a basis for liability as a matter of law. Therefore, Plaintiff's claims against Defendants Mata and Claridge should be dismissed.

---

[3] To the extent Defendants Hemenway or Rodriguez testified at any adversarial proceedings, both enjoy absolute immunity too. *McQueen v. United States*, 264 F.Supp.2d 502 (S.D. Tex. 2003), *aff'd*, 100 F. App'x 964 (2004), citing *Briscoe v. LaHue*, 460 U.S. 325, 342–47 (1983).

*Defendants Mata, Claridge, Hemingway, and Rodriguez Motion to Dismiss*                                     4

### C.   Plaintiff Fails to State a Claim for Which Relief May Be Granted

Plaintiff has not stated a claim against Defendants Mata, Claridge, Hemenway, and Rodriguez for which relief may be granted. At best, Plaintiff's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. As a matter of law, claims against Defendants Mata, Claridge, Hemenway, and Rodriguez must be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

#### 1.   Plaintiff Does Not Satisfy Rule 8(a)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Rule 12(b)(6).

As discussed below, the allegations against Defendants Mata, Claridge, Hemenway, and Rodriguez do not support Plaintiff's claim that they violated her rights. Specifically, Plaintiff alleges the following against these named Defendants:

> a.   Facts alleged to have occurred before September 8, 2019 and which are barred by the Statute of Limitations as discussed below:

- Defendant Mata, the Conservatorship worker for C.D. who had been removed from the home, went to Plaintiff's home on August 30, 2019, for a home visit. (Doc. 1, p. 9, ¶ 23).

- At that visit, Defendant Mata became concerned that there had been an incident between Plaintiff and her husband, so she contacted local law enforcement to inquire into any reported incidents between the two. (Doc. 1, pp. 9-10, ¶ 24).

- Based on information in the law enforcement reports, Defendant Mata made a report to DFPS's Statewide Intake program. (Doc. 1, pp. 9-10, ¶ 25).

- Defendant Claridge was assigned to investigate the report. Plaintiff complains about actions Defendant Claridge took from September 4-6, 2019, during that investigation which included conducting interviews and obtaining an Order in Aid of Investigation which she provided to each parent. (Doc. 1, pp. 11-16, ¶¶ 27-37).

b. **Facts occurring on or after September 8, 2019:**

- On or about September 9, 2019, DFPS petitioned the state district court for emergency removal of both minors. (Doc. 1, p. 16, ¶ 38).

- On or about September 9, 2019, the state district court awarded temporary managing conservatorship of both minors to DFPS. (*Id.*).

- On or about September 11, 2019, both minors were removed by DFPS. (Doc. 1, p. 17, ¶ 39).

- On or about September 16, 2019, a protective hearing was scheduled but was continued as Plaintiff had not yet retained legal counsel. (Doc. 1, p. 18, ¶ 42).

- On or about October 2, 2019, the reschedule hearing took place but was unable to conclude by the end of the day, so the hearing was continued. (Doc. 1, p. 19, ¶ 44).

- On or about October 30, 2019, the court heard testimony from Defendant Claridge. (Doc. 1, pp. 21-22, ¶ 48).

As discussed infra, all claims that seemingly fall within the statute of limitations, against Defendants Mata, Claridge, Hemenway, and Rodriguez should be dismissed accordingly.

**2. Limitations**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, Inc., 339 F.3d 359, 366 (5th Cir. 2003). Some of the actions Plaintiff alleges were performed by Defendants do not fall within the appropriate limitations period. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) ("§ 1983 limitations period in Texas is two years"). Plaintiff filed suit on September 8, 2021. (Doc. 1). The only alleged actions attributable to Defendants that occurred within two years of the filing of this lawsuit involve some of the Defendants testimony during hearings which, as discussed above, is barred by absolute immunity. Thus, any claim that would not be barred by absolute witness immunity, as discussed *supra*, would be barred by limitations.

Accordingly, such claims against Defendants Mata, Claridge, Hemenway, and Rodriguez should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

### 3. Plaintiff's claims against Defendants Mata, Claridge, Hemenway, and Rodriguez are barred by Qualified Immunity

Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Fifth Circuit has previously held that "child protective services workers are entitled to, minimally, qualified immunity to ensure that an effective child-abuse investigation system exists." *Hodorowski v. Ray*, 844 F.2d 1210 (5th Cir. 1988).

Defendants Mata, Claridge, Hemenway, and Rodriguez all assert the defense of qualified immunity to the claims against them. These Defendants' actions were taken in good faith, and any and all actions taken by them were within the scope of their discretionary authority.

"Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)). To overcome qualified immunity, Plaintiff must show: (1) a violation of a clearly-established constitutional right by each Defendant, and (2) that the conduct of each Defendant was not objectively reasonable in light of clearly-established law at the time of the events giving rise to the suit. *See DeLeon v. City of Dallas*, 141 Fed. Appx. 258, 261 (5th Cir. 2005); *see also Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994), cert. denied, 512 U.S. 1270. A plaintiff asserting Section 1983 claims "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Each of these requirements is discussed below.

### a. Defendants Mata, Claridge, Hemenway, and Rodriguez Did Not Violate Plaintiff's Clearly Established Rights

In considering abrogation of qualified immunity, a court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Although Plaintiff lists a variety of rights (Fourteenth Amendment Familial Association, Due Process, "4th Amendment" and "Judicial Deception" ([Doc. 1])), the facts alleged do not support a conclusion that Defendants Mata, Claridge, Hemenway, and Rodriguez actually violated any of those rights by their individual conduct.

### i. Procedural Due Process

"The Supreme Court has adopted a two-step analysis to examine whether an individual's procedural due process rights have been violated." *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010). "The first question 'asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Id.* (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Here, the procedures attendant upon the deprivation were constitutionally sufficient.

Plaintiff alleges that Defendants Mata, Claridge, Hemenway, and Rodriguez, violated her procedural due process rights by investigating and testifying at a hearing that ultimately led to the temporary loss of custodial rights. (Doc. 1, p. 24-26, ¶ 59-64) "The law of Texas is such that only a court, not TDHS, is empowered to adjudicate or terminate parental rights." *Stem v. Ahearn*, 908 F.2d 1, 6 (5th Cir. 1990). As a matter of law, a social worker "offering adverse judicial testimony at a child-custody hearing does not implicate due process concerns." *Id.* In short: Plaintiff received

abundant process through the state court proceeding about which she complains. Indeed, when stripped of conclusory allegations, her complaint makes clear that it is the *outcome* of the process that she was afforded, not the sufficiency of the process itself, with which she takes issue.

Accordingly, no facts have been alleged to establish that Defendants Mata, Claridge, Hemenway, and Rodriguez violated any of Plaintiff's protected due process rights.

### ii. Substantive Due Process

"Substantive due process analysis is appropriate only in cases in which government arbitrarily abuses its power to deprive individuals of constitutionally protected rights," namely a constitutionally protected liberty or property interest. *Simi Inv. Co., Inc. v. Harris Cnty., Tex.*, 236 F.3d 240, 249 (5th Cir. 2000); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988) (internal quotation marks and citations omitted). "Substantive due process analysis," the Supreme Court has cautioned, "must begin with a careful description of the asserted right." *Reno v. Flores*, 507 U.S. 292, 302 (1993). The alleged liberty interest must be "carefully formulat[ed]" and must be "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 721, 722 (1997).

In cases dealing with the specific actions of a governmental officer, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (internal quotations omitted). Thus, to constitute a substantive due process violation, the governmental officer's actions must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Morris v. Dearborne*, 181 F.3d 657, 668 (5th Cir. 1999) (quoting *Lewis*, 523 U.S. at 847 n.8). "If this standard is met, a court must next determine whether there exist historical examples of recognition of the claimed liberty protection at some appropriate level of specificity." *Id.*

The Supreme Court has long recognized a right to family integrity under the Fourteenth Amendment; however, while parents have "an abstract interest in the care and management of

their children, the Court has never found that interest to be absolute or unqualified." *Doe v. State of La*, 2 F.3d 1412, 1417 (5th Cir. 1993). "Cases claiming governmental interference with the right of family integrity are properly analyzed by placing them, on a case by case basis, along a continuum between the state's clear interest in protecting children and a family's clear interest in privacy." *Morris v. Dearborne*, 181 F.3d 657, 671 (5th Cir. 1999). "When the facts of a case place it in the center of the continuum where the two interests overlap and create a tension, the right to family integrity may properly be characterized as nebulous, and thus a defendant may claim the protection of qualified immunity." *Id.*

In *Kiser v Garrett*, a father sued social workers alleging that they violated his substantive due process right to family integrity by continuing a child abuse investigation after they had information that showed he was not the one who injured the child. *Kiser v. Garrett*, 67 F.3d 1166, 1173 (5th Cir. 1995). After four months, the child was placed with his maternal grandmother, and the Kisers were allowed unlimited supervised visitation. *Id.* At the end of six months, the child was returned to his father. *Id.* The Fifth Circuit held that the right to family integrity was not well defined for the purposes of qualified immunity, "especially in the context of a state's taking temporary custody of a child during an investigation of possible parental abuse." *Id.* at 1173.

Plaintiff complains of actions analogous to those complained of by *Kiser*. Accordingly, no facts have been alleged to establish that Defendants Mata, Claridge, Hemenway, and Rodriguez violated any of Plaintiff's protected substantive due process rights.

### iii. "Fourteenth Amendment Familial Association"

One of the constitutional rights Plaintiff complains was violated by Defendants Mata, Claridge, Hemenway, and Rodriguez—that of "Fourteenth Amendment Familial Association"— is not a clearly-established constitutional right in this context. To the extent that anything

resembling such a right exists, the Fifth Circuit terms it "family integrity." *See Kipps v. Caillier*, 205 F.3d 203, 206 (5th Cir. 2000).

For purposes of qualified immunity, the Fifth Circuit has called the right of "family integrity" a "nebulous right," and *found explicitly* that it is not a clearly enough established right for a violation of it to overcome a government officials' qualified immunity, even when the removal of a child happens without a court order. *See Hodorowski v. Ray*, 844 F.2d 1210, 1217 (5th Cir. 1988) (finding that the concept "family integrity," "many aspects of [which] possess constitutional stature" was "too general" and too "nebulous [a] right" for state officials removing children to comport their conduct with, and hence not the sort of "right" a "violation of which could overcome qualified immunity).

The Fifth Circuit has repeatedly recognized that social workers investigating suspected child abuse or neglect are entitled to qualified immunity, even in the face of evidence that the social workers unnecessarily prolonged an investigation, threatened parents with removal of their children, and even misled families about the danger facing their children. *See, e.g. Doe v. State of La.*, 2 F.3d 1413–16; *e.g. Kiser,* 67 F.3d at 1166.  When the state's clear interest in protecting children overlaps with the family's clear interest in privacy, "the right to family integrity may properly be characterized as nebulous, and thus a defendant may claim the protection of qualified immunity." *Morris v. Dearborne*, 181 F.3d 657, 671 (5th Cir. 1999).  And in this case—in which a state court ultimately awarded temporary managing conservatorship to DFPS—Defendants Mata, Claridge, Hemingway, and Rodriguez may all claim the protection of qualified immunity.

### iv. There is no constitutional right to be free from "judicial deception" in a civil child removal setting

Plaintiff's "judicial deception" claim relates to the state court's adversary hearing where Defendant's Mata and Claridge's testimony and affidavits were considered.  (Doc. 1, p. 29-30, ¶

75-79). Plaintiff asserts that Defendants Mata and Claridge violated Plaintiff's constitutional rights "found in the Due Process Clause under the U.S. Cons. amends IV, XIV. . ." (Doc. 1, p. 29, ¶ 76).

Plaintiff cites to two inapplicable cases, neither of which establish "judicial deception" as a clear constitutional right in a civil child removal setting: *Napue v. Illinois*, 360 U.S. 264, 269 (1959) and *Marks v. Hudson*, 933 F.3d 481, 487 (5th Cir. 2019). Unlike in *Napue* and in *Marks*, here Plaintiff fails to attach any evidence, including the alleged false affidavit Defendants Mata and Claridge testified to or about at the state court proceeding. The *Marks* court determined that there is a "constitutional violation, if an affiant knowingly and intentionally, or with reckless disregard for the truth, includes in an affidavit a false statement that is necessary to the finding of probable cause, and that affidavit results in the issuance of a warrant that leads to a search or seizure. Marks, 933 F.3d 481, 487 (5th Cir. 2019) (citing *Franks v Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Additionally, the review requires determining whether the well-pled facts in the complaint, taken as true, are sufficient to constitute a plausible claim that the Fourteenth Amendment was violated. *Marks*, 933 F.3d, at 487.

But even if Plaintiff attached evidence to the Original Complaint, Plaintiff still fails to point to any applicable binding authority that establishes the right to be free from the "judicial deception" claim alleged against Defendants Mata and Claridge. Failing to point to any applicable case law, Plaintiff fails prong one of the qualified immunity analysis, which requires Plaintiff to show Defendants violated a "clearly established" constitutional right.

To the extent that Plaintiff's "judicial deception" claim describes a constitutional claim in the Fifth Circuit, it refers to Fourth Amendment violations via searches or arrests by police officers conducted pursuant to falsified search or arrest warrants. *See Quinn v. Roach*, 326 F. App'x 280,

286 (5th Cir. 2009) (observing that "[t]he Fourth Amendment requires that an officer have probable cause for an arrest"). The instant case involves DFPS social workers, not police officers, and child removal affidavits, not search or arrest warrants.

Even in the Ninth Circuit, where "Judicial Deception" appears to be a legally cognizable claim, the bar is high: a "judicial deception claim . . . must 1) make a substantial showing of the officers' deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the searches and arrest would not have occurred." *Chism v. Wash. State*, 661 F.3d 380, 386 (9th Cir. 2011). Plaintiff failed to plead facts to support either of these elements.

Accordingly, no facts have been alleged to establish that Defendants Mata and Claridge violated a "clearly established" constitutional right of Plaintiff's.

### b. Defendants Mata, Claridge, Hemenway, and Rodriguez's Conduct was Objectively Reasonable

To overcome qualified immunity, Plaintiff must also show that "it would have been clear to a reasonable [official] in the [defendants'] position that their conduct was unlawful in the situation they confronted." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001); internal quotation marks omitted).

The law must so clearly and unambiguously prohibit an official's conduct that "every reasonable official would have understood that what he is doing violates that right." *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014), citing *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011). "[R]eliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims. . ." *Harlow*, 457 U.S. 800, 818 (1982).

Plaintiff has not alleged any specific facts demonstrating that every reasonable official in Defendants' positions would have understood that testifying the way they did would violate

Plaintiff's rights. Nor has Plaintiff alleged any facts suggesting Defendants Mata, Claridge, Hemenway, or Rodriguez acted outside of the bounds of reasonableness. Accordingly, qualified immunity bars Plaintiff's claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants Mata, Claridge, Hemenway, and Rodriguez, in their individual capacities, respectfully request that the Court grant their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and dismiss with prejudice all of Plaintiff's claims against them. Defendants Mata, Claridge, Hemenway, and Rodriguez also ask for any and all such other relief, in law or in equity, to which they may be entitled, including costs.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief for General Litigation Division

*/s/ Halie E. Daniels*
**HALIE ELIZABETH DANIELS**
Assistant Attorney General
Texas State Bar No. 24100169
Halie.Daniels@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667

**COUNSEL FOR ELAINE MATA, DANIELLE CLARIDGE, BRITTANY HEMENWAY, AND FELISHA RODRIGUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants Mata, Claridge, Hemenway, and Rodriguez Motion to Dismiss was served on or about October 11, 2021, to the following via the Court's electronic filing system:

Edward A. Rose, Jr.
Edward A. Rose, Jr., P.C.
3027 Marina Bay Drive Suite 208
League City, Texas 77573
edrose@edroseattorneycpa.com

**Counsel for Tiffany Bissell**

/s/ Halie E. Daniels
Halie E. Daniels
Assistant Attorney General