IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TIFFANY BISSELL,<br>　　*Plaintiff*,<br><br>v.<br><br>ELAINE MATA, in her individual capacity, DANIELLE CLARIDGE, in her individual capacity, BRITTANY HEMINGWAY, in her individual capacity, FELISHA RODRIGUEZ, in her individual capacity; and DOES 1-10, Inclusive.<br>　　*Defendants*. | § § § § § § § § § § § § § § §   Case No. 6:21-CV-00924-ADA-JCM |

**DEFENDANTS BRITTANY HEMENWAY AND FELISHA RODRIGUEZ'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JEFFREY C. MANSKE,

NOW COME Defendants Brittany Hemenway[1] and Felisha Rodriguez (respectively, "Defendant Hemenway" and "Defendant Rodriguez") and file this Motion to Dismiss Plaintiff's First Amended Complaint (the "Complaint").

**INTRODUCTION**

Tiffany Bissell ("Plaintiff") filed a First Amended Complaint ("Complaint") naming Defendants Mata, Claridge, Hemenway, and Rodriguez, whom she sues *in their individual capacity only*. (Doc. 24, ¶¶ 5–8). The Complaint outlines the allegations against the Defendants in detail, making full restatement unnecessary here. (Doc. 24, ¶¶ 4–56). Defendants were all employees of Texas Department of Family and Protective Services (hereinafter "TDFPS") at the time the actions giving

---

[1] Defendant Brittany Hemenway is incorrectly identified as "Brittany Hemingway" in Plaintiff's complaint. There is no individual named "Brittany Hemingway" employed by TDFPS.

rise to this Complaint were alleged to have occurred. (Doc. 24, ¶¶ 5–8). Defendant Mata was the conservatorship worker assigned to TDFPS's case involving Plaintiff's step-daughter, C.D. (Doc. 24, ¶ 15). Mata filed the September 3, 2019 report that alleged neglectful supervision of M.D. (the "Neglectful Supervision Report") (Doc. 24, ¶¶ 23–25). Defendant Claridge was the individual who investigated the Neglectful Supervision Report regarding Plaintiff's children J.N. and M.D, which is the subject of the Complaint. (Doc. 24, ¶ 27). Defendant Hemenway was Defendant Claridge's supervisor, and Defendant Rodriguez was Claridge and Hemenway's Program Director.[2] (Doc. 24, ¶ 56).

The basis for Plaintiff's lawsuit is her disapproval of the filing of the Neglectful Supervision Report, unhappiness with the resulting investigation, and frustration with the state district court's determinations, which ultimately led to the temporary removal of J.N. and M.D. (Doc. 24, ¶¶ 38–39, 44, 51).

In her Complaint, Plaintiff alleges violation of her rights under a variety of Amendments to the U.S. Constitution under 42 U.S.C. § 1983 ("Section 1983"). (Doc. 24, ¶¶ 1, 57–75). The Defendants have also filed an Original Answer to Plaintiff's Complaint (Doc. 27).

Plaintiff's claims against Defendants Hemenway and Rodriguez must be dismissed because Defendants Hemenway and Rodriquez, as supervisors, are not liable under Section 1983. Defendants Hemenway and Rodriguez respectfully request the Court to dismiss them from this case.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**I.   STANDARD OF REVIEW**

A complaint must be dismissed if the plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal, a plaintiff must plead sufficient facts to "state a

---

[2] Plaintiff incorrectly identifies Defendant Rodriguez as a "regional supervisor."

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

II. **ARGUMENTS & AUTHORITIES**

    A. **Defendants Hemenway and Rodriquez, as supervisory officials, are not liable under Section 1983.**

        1. <u>Even if Defendants Hemenway and Rodriguez supervised Mata, they could not held liable under Section 1983.</u>

As a preliminary matter, Hemenway and Rodriguez hold supervisory authority over Claridge as an investigator, but not over Mata, who is a conservatorship worker. Any claim Plaintiff may make purporting to hold Hemenway and Rodriguez responsible for the actions of Mata should therefore be dismissed. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("It is facially evident that this test [for supervisory liability under Section 1983] cannot be met if there is no underlying constitutional violation.").

        2. <u>Plaintiff fails to state a Section 1983 claims against Defendants Hemenway and Rodriguez.</u>

This Court should also dismiss any claim that Plaintiff makes purporting to hold Hemenway and Rodriguez responsible for the actions of Claridge. Under Section 1983, supervisory officials are not liable for the actions of their subordinates on any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F. 3d 404, 435 (5th Cir. 2008). Supervisory officials may be held liable under Section 1983 *only if* the supervisor "(1) affirmatively participates in the acts that cause the constitutional deprivation", "implements

unconstitutional policies that causally result in the constitutional injury", or failing to supervise or train the subordinate official in which the supervisory official demonstrates a pattern of deliberate indifference. *Gates*, 537 F.3d at 435 (citing *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

Importantly, because the Defendants Hemenway or Rodriguez did not violate Plaintiff's constitutional rights, Hemenway and Rodriguez cannot be held liable under Section 1983. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("It is facially evident that this test [for supervisory liability under Section 1983] cannot be met if there is no underlying constitutional violation.").

Plaintiff does not allege that TDFPS implemented unconstitutional policies that casually resulted in a deprivation of her rights under the 14th Amendment, or that either Hemenway or Rodriguez engaged in a patten of deliberate indifference and failed to supervise or train Claridge. Plaintiff's only avenue to overcoming Section 1983's bar on supervisory liability is by demonstrating that both Hemenway and Rodriguez affirmatively participated in the investigation of the Neglectful Supervision Report, the filing of the affidavit with the state court, or the removal of M.D. and J.N. Because Plaintiff fails to plead Defendants Hemenway and Rodriguez's affirmative participation, her Section 1983 claims against them should be dismissed.

Plaintiff alleges that Defendants Hemenway and Rodriguez "approved and directed the activities" of Claridge. (Doc. 24, ¶¶ 12, 46, 56, 65, 71). But simple ratification of a subordinate's actions is not enough to meet the threshold. The Fifth Circuit has explained "to impose liability on a supervisory official, [S]ection 1983 requires more than a simple ratification of an impermissible act when the ratification is based on independent legitimate reasons." *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982); *see also Hobart v. City of Stafford*, 916 F.Supp.2d 783, 799 (S.D. Tex. 2013) ("This Court is aware of . . . no cases that impose liability on a supervisor based on ratification.").

In *Romero v. Brown*, the Fifth Circuit held that a plaintiff's allegations that a TDFPS supervisor "'approved [an] unlawful seizure' and worked with [the social worker] 'to execute a coordinated removal of the children'" were conclusory and "not enough" to impose liability on the supervisor. 937 F.3d 514, 523–24 (5th Cir. 2019).

Similarly, in *McCullough v. Herron*, 838 F. App'x 837, 845–46 (5th Cir. 2020), the Fifth Circuit affirmed the dismissal of Section 1983 claims against TDFPS supervisors where the plaintiff claimed that the TDFPS employees violated her constitutional rights when they obtained an emergency removal order based on false information submitted in an affidavit. The Court held that the plaintiff's allegation that TDFPS supervisors "explicitly approved" the actions of an investigator was conclusorily, and thus the plaintiff failed to state a Section 1983 claim against the supervisors, specifically because the plaintiff "failed to support the conclusory allegation and bare assertions that [the TDFPS supervisors] *knew about or approved of any purported false statements in* [the investigator's] *affidavit.*" *Id.* The Court found that "[t]here is, for example, no adequately pleaded allegation that [the TDFPS supervisors] ordered or were advised of the falsification of the testimony in the affidavit." *Id*; *see also Marks v. Hudson*, 933 F.3d 481, 490 (5th Cir. 2019) ("Because there is no vicarious liability for supervisors for the conduct of their subordinates, the claim against [defendant] fails absent well-pled allegations of his personal involvement or some other form of causation to connect the supervisor to the violation…. At most, the complaint makes unwarranted conclusions about a defendant's actual knowledge. This claim was properly dismissed.")

Here, Plaintiff makes similar conclusory allegations—that Defendants Hemenway and Rodriguez approved and coordinated the seizure of M.D. and J.N. and approved of or knew about the allegedly false testimony in Claridge's affidavit. Plaintiff fails to sufficiently plead Defendants Hemenway and Rodriguez's Section 1983 liability based on affirmative participation in the alleged deprivation of her 14th Amendment rights. Following in-step with Fifth Circuit precedent in *Romero,*

*McCullough*, and *Hudson*, this Court should similarly find that Plaintiff failed to state a Section 1983 claims against Defendants Hemenway and Rodriguez and dismiss them from this case.

## IV. CONCLUSION

For the reasons set forth above, Defendants Hemenway and Rodriguez, in their individual capacities, respectfully request that the Court grant this Motion to Dismiss Pursuant to Rule 12(b)(6) and dismiss with prejudice all of Plaintiff's claims against them. Plaintiff fails to state a Section 1983 claim against them and fails to establish supervisory liability under Section 1983. Defendants Hemenway and Rodriguez also ask for any and all such other relief, in law or in equity, to which they may be entitled, including costs.

Dated: July 8, 2022                                        Respectfully submitted,


**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief for General Litigation Division

*/s/ John Daniel Coolidge*
**JOHN DANIEL COOLIDGE**
Assistant Attorney General
Texas State Bar No. 24113693
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Daniel.coolidge@oag.texas.gov

                         **COUNSEL FOR ELAINE MATA, DANIELLE CLARIDGE, BRITTANY HEMENWAY, AND FELISHA RODRIGUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants Hemenway and Rodriguez's Motion to Dismiss was served on or about July 8, 2022, to the following via the Court's electronic filing system:

**Edward A. Rose, Jr., Esq.**
Texas Bar No. 24081127
Attorney-in-Charge
Edward A. Rose, Jr., P.C.
3027 Marina Bay Drive Suite 208
League City, Texas 77573
T: (713) 581-6029
F: (832) 201-9960
edrose@edroseattorneycpa.com

**Kent Motamedi**
Texas Bar No. 24107233
Attorney at Law
Motamedi Law, PLLC
State of Texas Bar 24107233
952 Echo Lane, Suite 320
Houston, Texas 77024
T: (832) 582-5867
kent@motamedilaw.com

*/s/ John Daniel Coolidge*
**JOHN DANIEL COOLIDGE**
Assistant Attorney General